UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

EDDY L. ARRAZOLA,
and other similarly
situated individuals,

    Plaintiff(s),

v.

MAROD SUPERMARKETS, INC.,
d/b/a PRESIDENTE SUPERMARKET #5



    Defendant,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff EDDY L. ARRAZOLA and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendant MAROD SUPERMARKETS, INC., d/b/a PRESIDENTE SUPERMARKET #5, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff EDDY L. ARRAZOLA is a resident of Miami-Dade County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant MAROD SUPERMARKETS, INC., d/b/a PRESIDENTE SUPERMARKET #5 (from now on PRESIDENTE SUPERMARKET #5, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Miami-Dade County within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. Defendant PRESIDENTE SUPERMARKET #5 was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Miami-Dade County, Florida, within this Court's jurisdiction.

General Allegations

6. This cause of action is brought by Plaintiff EDDY L. ARRAZOLA as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after April 2020, (the "material time") without being adequately compensated.

7. Defendant PRESIDENTE SUPERMARKET #5 is a Hispanic supermarket with multiple locations in Dade and Broward County.

8. Defendant PRESIDENTE SUPERMARKET #5 was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as a supermarket. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by

regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce. Plaintiff regularly placed orders from interstate meat wholesalers. Plaintiff handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

10. Defendant PRESIDENTE SUPERMARKET #5 employed Plaintiff EDDY L. ARRAZOLA as a non-exempted, full-time employee from approximately May 01, 1999, to April 27, 2023, or twenty-four years. However, for FLSA purposes, Plaintiff's relevant employment period is 156 weeks.

11. Plaintiff began his employment with Defendant as a meat packer.

12. During his relevant period of employment, Plaintiff worked at PRESIDENTE SUPERMARKET #5, located at 450 NE 125 ST, Miami, FL 33161.

13. Throughout the relevant period, Plaintiff was misclassified as a Meat Manager. However, Plaintiff was a butcher and meat cutter, with additional responsibilities doing clerical work.

14. Plaintiff's primary duty was non-exempted and manual in nature. Plaintiff performed production work such as meat butchery, meat cutting, packing, wrapping, labeling, preparing orders, cleaning the entire meat department, including meat display coolers and

refrigerators, cutting and packing equipment, rotation of merchandise, and customer attendance. Plaintiff also had duties receiving, unloading, and stocking meat products requiring heavy lifting. These and other manual tasks, too numerous to count, constituted 90% of Plaintiff's work.

15. Simultaneously, Plaintiff's duties also included clerical work, such as ordering supplies; producing schedules, inventory, and sales reports. However, Plaintiff was limited to follow routine procedures and orders received from management. Plaintiff did not exercise discretion and was closely supervised by General Manager Arnoldo Gonzalez. Plaintiff was just an employee whose primary duty was routine and ordinary meat production work and whose recurrent and repetitive tasks did not qualify for any exemption from overtime pay. Consequently, Plaintiff was entitled to be paid for overtime hours.

16. During the relevant employment period, Plaintiff was paid a salary of $850.00 weekly, which was intended to cover 50 working hours. Plaintiff worked more than 50 hours weekly. Nevertheless, Plaintiff was never paid for overtime hours.

17. While employed by Defendant, Plaintiff regularly worked seven days per week. Plaintiff worked Monday from 6:00 AM to 5:00 PM (11 hours). From Tuesday to Saturday, Plaintiff worked from 7:00 AM to 5:00 PM (10 hours).

18. Twice per month, on Sunday, Plaintiff worked at the store from 7:00 AM to 3:00 PM (8 hours).

19. Also, twice per month, on Sunday, Plaintiff worked at home from 10:00 AM to 3:00 PM. Plaintiff completed paperwork related to inventory, orders, reports, etc.

20. There was a period in 2020, during the Covid-19 pandemic, in which Defendant operated with a reduced crew. From April 01, 2020, to approximately December 31, 2020 (39

weeks), Plaintiff worked 16 hours daily from Monday to Saturday. In those weeks, Plaintiff completed 90 working hours weekly.

21. Thus, during the 156 relevant employment period, Plaintiff worked as follows:

    1.- 39 weeks with 90 working hours weekly (Covid-19 period).

    2.- 58 weeks with 74 working hours weekly (Sunday worked at the store twice per month)

    3.- 59 weeks with 71 working hours weekly (Sunday worked at home twice per month)

22. Plaintiff worked in excess of 40 hours every week, but Defendant failed to pay him overtime wages.

23. Plaintiff did not clock in and out all the time, but Defendant was in absolute control of his schedule and activities. Defendant knew the hours that Plaintiff and other similarly situated individuals were working.

24. Therefore, Defendant willfully failed to pay overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

25. Plaintiff was paid weekly by direct deposits. Plaintiff received paystubs that did not provide accurate information, such as the actual number of days and hours worked.

26. On or about April 27, 2023, Plaintiff was fired due to discriminatory reasons. Plaintiff is in the process of filing his charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

27. Plaintiff EDDY L. ARRAZOLA seeks to recover unpaid overtime wages for every hour worked over 40 during his employment, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

28. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

29. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

30. This action is intended to include every supermarket employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

31. Plaintiff EDDY L. ARRAZOLA re-adopts every factual allegation stated in paragraphs 1-30 above as if set out in full herein.

32. This cause of action is brought by Plaintiff EDDY L. ARRAZOLA as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after April 2023, (the "material time") without being adequately compensated.

33. Defendant PRESIDENTE SUPERMARKET #5 employed Plaintiff EDDY L. ARRAZOLA as a non-exempted, full-time meat cutter from approximately May 01, 1999, to April 27, 2023, or twenty-four years. However, for FLSA purposes, Plaintiff's relevant employment period is 156 weeks.

34. During his relevant period of employment, Plaintiff worked at PRESIDENTE SUPERMARKET #5, located at 450 NE 125 ST, Miami, FL 33161. And he was paid a salary of $850.00, covering 50 working hours weekly.

35. Throughout the relevant period, Plaintiff was misclassified as a Meat Manager. However, Plaintiff was a butcher and meat cutter, with additional responsibilities doing clerical work. Plaintiff was entitled to be paid for overtime hours.

36. During the relevant employment period, Plaintiff was paid a salary of $850.00 weekly, which was intended to cover 50 working hours. Plaintiff worked six and seven days, more than 50 hours weekly. Nevertheless, Plaintiff was never paid for overtime hours.

37. There was a period in 2020 during the Covid-19 pandemic in which Defendant operated with a reduced crew. From April 01, 2020, to approximately December 31, 2020 (39 weeks), Plaintiff worked 16 hours daily from Monday to Saturday. In those weeks, Plaintiff completed 90 working hours weekly.

38. Thus, during the 156 relevant employment period, Plaintiff worked as follows:

    1.- 39 weeks with 90 working hours weekly (Covid-19 period).

    2.- 58 weeks with 74 working hours weekly (Sunday worked at the store twice per month)

    3.- 59 weeks with 71 working hours weekly (Sunday worked at home twice per month)

39. Plaintiff worked in excess of 40 hours every week, but Defendant failed to pay him overtime wages.

40. Plaintiff did not clock in and out all the time, but Defendant was in absolute control of his schedule and activities. Defendant knew the hours that Plaintiff and other similarly situated individuals were working.

41. Therefore, Defendant willfully failed to pay overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

42. Plaintiff was paid weekly by direct deposits. Plaintiff received paystubs that did not provide accurate information about the actual number of days and hours worked.

43. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

44. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

46. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       One Hundred-Twenty Thousand One Hundred-Thirty Dollars and 50/100 ($120,130.50)

    b. <u>Calculation of such wages</u>:

       Total period of employment: 156 weeks
       Relevant weeks of employment: 156 weeks
       Salary paid: $850.00 weekly: 50 hours=$17.00
       Regular rate: 17.00 an hour

**1.- Overtime for 39 weeks during the Covid Period (2020)**
Relevant weeks: 39 weeks
Total number of hours worked: 90 hours weekly
Total number of O/T hours: 50 O/T hours

    i.    Half-time O/T for 10 hours (from 40 to 50 hours)
Salary paid: $850.00 covering 50 hours weekly:50 hours=$17.00
Regular rate: $17.00:2=$8.50 half time

Half-time $8.50 x 10 O/T hours=$85.00 weekly x 39 weeks=$3,315.00

    ii.    Overtime at 1.5 for 40 O/T hours
Salary paid: $850.00:50 hours=$17.00
Regular rate: $17.00 x 1.5=$25.50
O/T rate: $25.50

O/T $25.50 x 40 O/T hours=$1,020.00 weekly x 39 weeks=$39,780.00

**2.- Overtime for 58 weeks with 74 working hours**
Relevant weeks: 58 weeks
Total number of hours worked: 74 hours weekly
Total number of O/T hours: 34 O/T hours

    i.    Half-time for 10 O/T hours (from 40 to 50 hours)
Salary paid: $850.00 covering 50 hours weekly:50 hours=$17.00
Regular rate: $17.00:2=$8.50 half time

Half-time $8.50 x 10 O/T hours=$85.00 weekly x 58 weeks=$4,930.00

    ii.    Overtime at 1.5 for 24 O/T hours
Salary paid: $850.00:50 hours=$17.00
Regular rate: $17.00 x 1.5=$25.50
O/T rate: $25.50

O/T $25.50 x 24 O/T hours=$612.00 weekly x 58 weeks=$35,496.00

**3.- Overtime for 59 weeks with 71 working hours**

 Relevant weeks: 59 weeks
Total number of hours worked: 71 hours weekly
Total number of O/T hours: 31 O/T hours

    i.    Half-time for 10 O/T hours (from 40 to 50 hours)
Salary paid: $850.00 covering 50 hours weekly:50 hours=$17.00
Regular rate: $17.00:2=$8.50 half time

      Half-time $8.50 x 10 O/T hours=$85.00 weekly x 59 weeks=$5,015.00

      ii.   Overtime at 1.5 for 21 O/T hours
Salary paid: $850.00:50 hours=$17.00
Regular rate: $17.00 x 1.5=$25.50
O/T rate: $25.50

      O/T $25.50 x 21 O/T hours=$535.50 weekly x 59 weeks=$31,594.50

      Total #1. #2 and #3: $120,130.50

    c. <u>Nature of wages (e.g., overtime or straight time):</u>

      This amount represents unpaid overtime wages.[1]

47. At all times, material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty (40) per workweek as provided in said Act.

48. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

49. Defendant PRESIDENTE SUPERMARKET #5 willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States.

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

50. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action, and he is obligated to pay a reasonable Attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff EDDY L. ARRAZOLA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff EDDY L. ARRAZOLA and other similarly situated individuals and against Defendant PRESIDENTE SUPERMARKET #5 based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff EDDY L. ARRAZOLA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff EDDY L. ARRAZOLA demands a trial by a jury of all issues triable as of right by a jury.

Date: April 29, 2023

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156

                                          Telephone: (305) 446-1500
                                        Facsimile:  (305) 446-1502
                                        zep@thepalmalawgroup.com
                                        *Attorney for Plaintiff*